UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In the Matter of:

COMPLAINT OF STEPHEN HOLMBERG,
as Owner of that certain 19' Sea Ray 2002
182 BR, HIN#SERR4245E202, with Single
1B/OB Merc 190 horsepower engine,
FOR EXONERATION FROM, OR
LIMITATION OF LIABILITY
_____/

Case No. 8:08-CV-656-T-27TBM

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 25) recommending that proposed claimant's Motion to Reopen Case, Vacate Order Granting Petitioner's Motion for Exoneration of Liability, Injunction as to Lawsuits and Claims, and for Reinstatement of Ad Interim Stipulation and for Allowing the Late Filing of a Claim of Kandi Wenzel (Dkt. 22) be granted. Petitioner has filed an objection (Dkt. 26), and proposed claimant has filed a response (Dkt. 27).

### *Standard*

The district court is required to "make a de novo determination of those portions of the Magistrate Judge's report . . . or recommendation to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

### *Discussion*

The pertinent facts and procedural history are comprehensively set forth in the Report and Recommendation. In order to prevail on a motion for relief from judgment pursuant to Rule

1

60(b)(1), the proposed claimant, Kandi Wenzel, must demonstrate that she had a meritorious defense, that Petitioner would not be prejudiced if the judgment were set aside, and that she had a good reason for failing to respond to Petitioner's Verified Complaint. *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). In the objection, Petitioner argues that the Magistrate Judge failed to make the requisite determination that Wenzel has a claim likely to be successful, that the Magistrate Judge failed to consider the cost and expense of reopening this case as well as the possibility of opening the door to other potential claimants in weighing the prejudice to Petitioner, and that the Magistrate Judge erred in finding Wenzel's delay was with good reason. This Court disagrees.

First, as determined by the Magistrate Judge, Wenzel has produced sufficient evidence to demonstrate that she has a meritorious claim and defense. Petitioner initially argues that the Magistrate Judge applied the wrong standard by examining whether Wenzel had a "meritorious" claim, rather than a claim "likely to be successful." The case relied on by the Magistrate Judge, however, specifically invoked the case and language now relied on by Petitioner. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1296 (11th Cir. 2003) (discussing *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986)). Based on the evidence presented, the Court finds that Wenzel has a defense and a claim likely to be successful on a comparative negligence theory, given the evidence from Petitioner's passenger that Petitioner was operating his vessel at speeds of 35-40 miles per hour, which was 10-15 miles per hour in excess of the posted speed limit. (Dkt. 22-10).[1]

Second, the Magistrate Judge carefully and thoroughly considered all relevant facts in

---

[1] The Court makes no finding as to the ultimate merit of Wenzel's claim or defense.

assessing the prejudice to Petitioner. While this Court agrees that vacating the exoneration order and reopening this case to additional claims is no small loss to Petitioner, it is not dispositive, given the competing interest in deciding cases on the merits. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). Moreover, Petitioner's time and costs in pursuing this matter thus far have not been great, as the case has involved a minimal number of largely boilerplate filings.

Finally, the Court finds that Wenzel has demonstrated good reason for not timely responding to the Verified Complaint. After the law firm Burnetti, P.A. declined to represent Plaintiff by letter dated September 17, 2008, the day before her claim was due to be filed in this case, she promptly retained the law firm of John Bales Attorneys on October 1, 2008. Before the final exoneration order was entered, Scott Graul of John Bales Attorneys requested insurance information from Petitioner by letter dated October 23, 2008. (Dkt. 22-4 at 3-5). However, Petitioner's counsel did not respond to this letter and advise of the instant action until November 5, 2008, after the exoneration order was entered. (Dkt. 22-4 at 12-13). Once Graul was informed of this action on November 10, 2008, Wenzel secured representation by current admiralty counsel, Jacob Munch, on December 2, 2008, who filed a motion to reopen the case on December 3, 2008. In this respect, while Wenzel failed to advise Graul of the limitation proceeding, this appears to have occurred as a result of ignorance or negligence, not as a result of bad faith.[2] *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

Accordingly, the Court concurs with the Magistrate Judge's determination that, while a close case, the equitable considerations weigh in favor of finding of excusable neglect. After careful

---

[2] The instant case differs from Petitioner's authority, as Wenzel has provided a sufficient description of events to buttress her argument. *Cf. Sloss Indus., Inc.*, 488 F.3d at 935 (noting that the lack of a detailed timeline explaining the delay in responding was fatal to the Rule 60(b)(1) motion).

consideration of Report and Recommendation, Petitioner's objections, and Wenzel's response, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED AND ADJUDGED**:

1) The Report and Recommendation (Dkt. 25) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) Claimant's Motion to Reopen Case, Vacate Order Granting Petitioner's Motion for Exoneration of Liability, Injunction as to Lawsuits and Claims, and for Reinstatement of Ad Interim Stipulation and for Allowing the Late Filing of a Claim of Kandi Wenzel (Dkt. 22) is **GRANTED** as set forth herein.

3) The November 5, 2008 Order (Dkt. 21) granting Petitioner's Motion for Final Decree of Exoneration from Liability is **VACATED**.

4) The Clerk is directed to **REOPEN** this case.

5) Within **twenty (20) days** of the date of this Order, Petitioner shall file an appropriate Ad Interim Stipulation, Notice of Publication, and proposed orders thereon.

**DONE AND ORDERED** in Tampa, Florida, on this 27th day of May, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

4